UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MERIDIAN TREATMENT SOLUTIONS, INC, DESERT COVE RECOVERY, LLC, and HARMONY HOLLYWOOD, LLC, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH (operating as OPTUMHEALTH BEHAVIORAL SERVICES),<br><br>Defendant. | CASE NO. 4:19-cv-05721-JSW<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT UNITED BEHAVIORAL HEALTH'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>HON. JEFFREY S. WHITE<br>COURTROOM 5 |

Gibson, Dunn & Crutcher LLP

[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT – CASE NO. 4:19-CV-05721-JSW

1  On February 5th, 2021, Defendant United Behavioral Health ("UBH") filed a Motion to Dismiss Plaintiffs' Second Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). This Court, having fully reviewed and considered all papers and arguments submitted in support of and in opposition to the Motion, finds that Plaintiffs' state law claims are preempted under ERISA. *See Pac. Recovery Sols. v. United Behavioral Health*, 2020 WL 5074315, at *9–11 (N.D. Cal. Aug. 25, 2020); *Cal. Spine & Neurosurgery Inst. v. JP Morgan Chase & Co.*, 2019 WL 7050113, at *4 (N.D. Cal. Dec. 23, 2019). These claims also fail for other reasons. Plaintiffs' fraud and misrepresentation-based claims fail to satisfy Rule 9(b). *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Pac. Recovery Sols.*, 2020 WL 5074315, at *8; Dkt. 34 ("Order"). Plaintiffs' claims under the UCL fail because Plaintiffs fail to allege facts sufficient to satisfy any of the UCL's prongs. *See Sencion v. Saxon Mortg. Servs., Inc.*, 2011 WL 311383, at *4 (N.D. Cal. Jan. 28, 2011); *see also Smith v. United Healthcare Ins. Co.*, 2019 WL 3238918, at *7 (N.D. Cal. July 18, 2019); *see also Linear Tech. Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115, 135 (2007). Moreover, Plaintiffs fail to allege facts to warrant extraterritorial application of California's Unfair Competition Law with respect to Plaintiffs Meridian Treatment Solutions, Inc. and Desert Cove Recovery, LLC, which are located in Florida and Arizona respectively. *Reed v. Dynamic Pet Prods.*, 2015 WL 4742202, at *9 (S.D. Cal. July 30, 2015).

Plaintiffs' contract and estoppel claims, too, are insufficiently specific to state a claim. *See Pac. Bay Recovery, Inc. v. Cal. Physicians' Servs., Inc.*, 12 Cal. App. 5th 200, 216, 215 n.6 (2017). Plaintiffs' tortious interference claim likewise fails because they have not added any factual allegations to support it despite the Court's order to do so. (Order 9–10.)

Plaintiffs' RICO claims, too, must be dismissed because Plaintiffs fail to allege facts sufficient to meet RICO's distinctiveness requirement. *See* 18 U.S.C. 1962(c); *Stitt v. Citibank, N.A.*, 2015 WL 75237, at *3 (N.D. Cal. Jan. 6, 2015); *Greenstein v. Peters*, 2009 WL 722067, at *2 (C.D. Cal. Mar. 16, 2009); *Shorter v. Metro Life Ins. Co.*, 216 Fed. App'x 689, 692–93 (9th Cir. 2007); *Aevoe Corp. v. Pace*, 2012 WL 13069926, at *3–4 (N.D. Cal. Apr. 6, 2012). Moreover, Plaintiffs do not allege any facts showing a fraudulent purpose of an alleged RICO enterprise as required, *see Stitt*, 2015 WL 75237, at *5 n.5, and fail to plead mail and wire fraud with Rule 9(b)'s requisite particularity. And

Gibson, Dunn & Crutcher LLP

[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT – CASE NO. 4:19-CV-05721-JSW

because Plaintiffs cannot plead a substantive claim under RICO, their RICO conspiracy claim necessarily fails. *See* 18 U.S.C. § 1962(c), (d); *Howard v. Am. Online, Inc.*, 208 F.3d 741, 751 (9th Cir. 2000). Finally, Plaintiffs' RICO claims cannot withstand a motion to dismiss because they cannot show they have standing to pursue such claims and cannot meet the strict causation requirements. *See Pac. Recovery Sols.*, 2020 WL 5074315, at *6; *Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 9 (2010).

**IT IS HEREBY ORDERED** that:

(1)     Defendant United Behavioral Health's Motion to Dismiss Plaintiffs' Second Amended Complaint is GRANTED as to all claims and causes of action asserted against it; and

(2)     Plaintiffs' Second Amended Complaint is hereby DISMISSED with prejudice.

**IT IS SO ORDERED.**

_____
Hon. Jeffrey S. White
U.S. District Court Judge

Gibson, Dunn & Crutcher LLP

2

[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT – CASE NO. 4:19-CV-05721-JSW