| | |
|---|---|
| HEATHER L. RICHARDSON, SBN 246517<br>   hrichardson@gibsondunn.com<br>NICOLE R. MATTHEWS, SBN 328977<br>   nmatthews@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone: 213.229.7000<br>Facsimile:  213.229.7520<br><br>GEOFFREY SIGLER (*pro hac vice*)<br>   gsigler@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C. 20036-5306<br>Telephone: 202.99.8500<br>Facsimile:  202.467.0539<br><br>Attorneys for Defendant UNITED BEHAVIORAL HEALTH | MATTHEW M. LAVIN (*pro hac vice*)<br>   Matt.Lavin@agg.com<br>AARON R. MODIANO (*pro hac vice*)<br>   Aaron.Modiano@agg.com<br>ARNALL GOLDEN GREGORY LLP<br>1775 Pennsylvania Ave NW, Suite 1000<br>Washington, DC 20006<br>Telephone: 202.677.4030<br>Facsimile:  202.677.4031<br><br>DAVID M. LILIENSTEIN, SBN 218923<br>   david@dllawgroup.com<br>KATIE J. SPIELMAN, SBN 252209<br>   katie@dllawgroup.com<br>DL LAW GROUP<br>345 Franklin Street<br>San Francisco, CA 94102<br>Telephone: 415. 678.5050<br>Facsimile: 415.358.8484<br><br>Attorneys for PLAINTIFFS |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MERIDIAN TREATMENT SOLUTIONS, INC., DESERT COVE RECOVERY, LLC, and HARMONY HOLLYWOOD, LLC, on behalf of themselves and all others similarly situated,<br><br>                            Plaintiffs,<br><br>     v.<br><br>UNITED BEHAVIORAL HEALTH (operating as OPTUMHEALTH BEHAVIORAL SOLUTIONS),<br><br>                            Defendant. | CASE NO. 4:19-cv-005721-JSW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: Friday, May 20, 2022<br>Time: 11:00 a.m.<br>Judge: Hon. Jeffrey S. White<br><br>Complaint filed: September 19, 2019 |

JOINT CASE MANAGEMENT STATEMENT – CASE NO. 4:19-CV-005721

Plaintiffs Meridian Treatment Solutions, Inc., Desert Cove Recovery LLC, and Harmony Hollywood, LLC and Defendant United Behavioral Health ("UBH"), collectively the "Parties," to the above-entitled action, having met and conferred through counsel on April 29, 2022 and May 5, 2022 regarding the matters set forth herein, jointly submit this Joint Case Management Statement pursuant to the Court's April 13, 2022 Order granting, in part, and denying, in part, Motion to Dismiss Second Amended Complaint and Setting Case management Conference (Dkt. 60) and Civil Local Rule 16-9.

## I. Jurisdiction and Service

Plaintiffs allege, and the parties agree, that the Court has jurisdiction over the action, based on the allegations pleaded in the current complaint.  Specifically, Plaintiffs allege that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) because allegedly at least one Plaintiff is diverse from the Defendants and the amount in controversy exceeds $5,000,000. Plaintiffs also allege that the claims asserted involve matters of interstate and national interest, and the claims at issue arise under both California and federal law. However, Defendant reserves all defenses and objections to jurisdiction and standing based on the underlying facts.

## II. Facts

A brief chronology of the facts and a statement of the principal factual issues in dispute.

**Plaintiffs' Preliminary Statement**

Plaintiffs are behavioral health providers that render medically necessary services to patients in need of mental health and/or substance abuse disorder treatment.  All Plaintiffs are out-of-network providers.  Plaintiffs provided treatment to patients insured by Defendant, and these patients relied on Defendant to provide reimbursement for the medically necessary treatment care they receive. Plaintiffs' claims for reimbursement of treatment were denied by Defendant based on medical necessity determinations.

Plaintiffs have provided medically necessary treatment to patients with both ERISA and non-ERISA plans. Defendant misrepresents Plaintiffs' statements below as to what representations were made during the meet and confer process. Plaintiffs have knowledge as to whether some of the patients they provided service to were covered under ERISA plans. However, this information is not available on members' insurance cards and Defendant's agents will not disclose this information when it is

requested on verification, authorization, or utilization calls. Defendant's intentionally avoid disclosing whether members' plans are fully insured (FI) or administrative services only (ASO). This information is readily available to Defendant and, in fact, already known to them.

Defendant repeatedly misrepresented its intention to provide reimbursement for medically necessary treatment. Instead, Defendant developed and used secret internal medical necessity guidelines based upon profitability and actuarial predictability, not generally accepted standards of care in the medical community. Because these guidelines were profit driven, disregarded nationally accepted and used standards and guidelines, and disregarded the opinions and advice of Defendant's clinicians and staff, they no longer reflected "medical necessity" as it is understood in the healthcare industry. Defendant's hidden reliance on these fraudulent medical guidelines to deny medically necessary treatment caused direct harm to Plaintiffs, who were forced to bear the cost of treatment for medically necessary claims that were refused for financial, rather than medical, reasons.

**Defendant UBH's Preliminary Statement**

Even though Plaintiffs alleged in the complaint that they treated non-ERISA plan members and this Court allowed part of the case to proceed on this basis, during the meet and confer process Plaintiffs' counsel have indicated that they have not identified any non-ERISA claims or members for two of three Plaintiffs (Meridian Treatment Solutions, Inc. and Harmony Hollywood, LLC), and under this Court's rulings the only remaining claims involve services provided by Plaintiffs to non-ERISA members. Defendant also disputes Plaintiffs' claims and allegations with respect to any non-ERISA members whom they treated. Plaintiffs claim that they entered into implied and/or oral contracts with Defendant and that Defendant breached those contracts by using allegedly illegal guidelines to make coverage decisions, but there is no basis for any of Plaintiffs' claims. By way of example, Defendant never made any contractual commitments to cover treatments provided by Plaintiffs, on the phone calls alleged in the complaint or otherwise; nor did Defendant breach any commitments. Additionally, the guidelines used by Defendant to make medical necessity determinations were not illegal, as the Ninth Circuit recently recognized in reversing the decisions in a separate case on which Plaintiffs rely. *Wit v. United Behavioral Health*, 2022 WL 850647, at *2 (9th Cir. Mar. 22, 2022). Plaintiffs' claims are

1  also untimely under the applicable statute of limitations and are separately barred by the contractual
2  limitations.
3      Defendant also has many other defenses to Plaintiffs' claims, which will be presented in an
4  answer to the complaint at an appropriate point.
5      Defendant also disputes that there can be any class in this case. By way of example only,
6  Plaintiffs' claims are inherently individualized, they are not typical or adequate class representatives,
7  and state law varies in ways that undermine many of Rule 23's requirements. If this case continues
8  through briefing on class certification, Defendant will present these and many other reasons why no
9  class can be certified at an appropriate point.
10     All of Plaintiffs' claims and class allegations are without merit and should be rejected.

**III. Legal Issues**

Without waiving their respective positions and arguments, the Parties agree that disputed points of law remaining in this litigation include, but are not limited to:

1. Whether the parties formed any (1) implied in fact contracts or (2) oral contracts with Plaintiffs, and if so whether Defendant breached these contracts.

2. Whether Defendant made any promise to Plaintiffs sufficient to sustain a promissory estoppel claim, whether Plaintiffs relied on any such promise, and whether Defendant breached any promise.

3. Whether this action can be maintained as a class action under Fed. R. Civ. P. 23.

**IV. Motions**

There are currently no pending motions, though Plaintiffs intend to file a motion for leave to amend their complaint following necessary discovery, as addressed below. This Court previously ruled on several motions to dismiss. Defendant previously moved to dismiss and strike Plaintiffs' Complaint (Dkts. 17, 20, 23, 24, 26), which the Court granted in part and denied in part (Dkt. 34), and Defendant then moved to dismiss the First Amended Complaint (Dkt. 38). Following Defendant's motion to dismiss the First Amended Complaint, Plaintiffs sought leave to amend (Dkt. 39), which Defendant consented to via joint stipulation (Dkt. 41) and the Court granted (Dkt. 42). Following the Court's

1  order, Defendant moved to dismiss Plaintiffs' Second Amended Complaint (Dts. 45 to 50), which the
2  Court granted in part and denied in part (Dkt. 60).

3  *Plaintiffs' Statement*.  Plaintiffs anticipate filing for leave to amend their complaint following
4  targeted discovery as to the fraud as a cause of action against Defendant.  Prior to doing so, Plaintiff
5  intends on serving additional discovery requests on Defendant concerning the identification of its
6  relevant state-law plans.  Many plans offered by Defendant are not subject to ERISA and are fully-
7  insured by Defendant, these include small or individual plans, "church" plans, local government health
8  plans, and Student Resources plans.  Plaintiffs further expect to file motions for class certification and
9  summary judgment, in addition to opposing any potentially dispositive motion filed by Defendant.
10 Plaintiff disputes Defendant's statement that two of the three providers lack any non-ERISA claims.
11 Plaintiffs may also file discovery motions at the appropriate time.

12 *Defendant's Statement*.  Defendant reserves its right to oppose any motion for leave to amend
13 by Plaintiffs, and also reserves its right to move to dismiss any amended complaint and/or seek
14 dismissal of Plaintiffs for lack of standing.  As explained above, two of the three named Plaintiffs lack
15 any non-ERISA claims, so they lack Article III standing to seek relief under any of the remaining
16 causes of action (which are limited to non-ERISA claims) and should be dismissed from the case.

17 At an appropriate point, Defendant also intends to oppose any motion for class certification and
18 anticipates filing a motion for summary judgment.  Defendant also anticipates filing pretrial motions if
19 the matter were to proceed to trial.

20 **V. Amendment of Pleadings**

21 *Plaintiffs' Statement*.  As discussed above, Plaintiffs intend to file for leave to amend their
22 complaint for fraud after serving additional discovery requests on Defendant concerning the
23 identification of its relevant state-law plans.  Many plans offered by Defendant are not subject to ERISA
24 and are fully-insured by Defendant, these include small or individual plans, "church" plans, local
25 government health plans, and Student Resources plans. Plaintiffs are in possession of some, but not all,
26 of this information. Plaintiffs require complete records to describe the full extent of Defendant's
27 fraudulent activities. Such information is easily accessible to, and is in the care custody and control of
28 Defendant.  Plaintiffs have met and conferred with Defendant to obtain state-law plan information

1  referenced above, but to date, Defendant has unreasonably refused to provide Plaintiffs such
2  information. Given the relatively small number of plans relevant to the three named class
3  representatives, Defendant can easily to generate a report identifying its members who have received
4  services from Plaintiffs. While Plaintiffs engaged in robust due diligence prior to bringing this action
5  against Defendant, the information sought from Defendant is not readily available to healthcare
6  providers. Specifically, providers are rarely provided with plan information concerning ERISA, and
7  insurance cards issued to plaintiffs do not indicate whether their plan is subject to ERISA. Despite its
8  contention that "it is not Defendant's job to provide Plaintiffs with the factual basis for a fraud claim,"
9  Defendant is uniquely in control of the information sought by Plaintiffs.

*Defendant's Statement*. Any motion for leave to amend by Plaintiffs should be filed promptly, so that the pleadings can be settled and the case can move forward. Plaintiffs are already on their third complaint, and there is no basis to defer yet another amended compliant pending discovery into whether Plaintiffs can come up with any basis for fraud claims that they already attempted to assert and this Court already dismissed multiple times in previous complaints. Defendant's answer is currently due May 27, but if Plaintiffs amend their complaint, Defendant's answer will be due 30 days from the Court's order granting or denying Plaintiffs' motion for leave to amend.

Plaintiffs claim that they need discovery to discern which members they treated were enrolled in non-ERISA plans, so that they can attempt to bring fraud claims related to unreimbursed amounts for these treatments. But this gets the cart before the horse: it is up to Plaintiffs to conduct the necessary diligence before they bring fraud claims, and to plead facts sufficient to satisfy Rule 9(b). It is not Defendant's job to provide Plaintiffs with the factual basis for a fraud claim. *See Hoang v. Vinh Phat Supermarket, Inc.*, 2013 WL 4095042, at *15(E.D. Cal. Aug. 13, 2013) (declining to permit exceptions to Rule 9(b)'s particularity requirement based on cases that preceded *Twombly* and *Iqbal*); *Saterbak v. Nat'l Default Servicing Corp.*, 2016 WL 4430922, at *10 (S.D. Cal. Aug. 22, 2016) (rejecting effort to use claim of fraud "as a pretext for the discovery of unknown wrongs").

Plaintiffs specifically argue they need discovery into which patients were enrolled in non-ERISA plans. But Plaintiffs already represented to this Court—in previous complaints and in response to Defendant's motion to dismiss—that they treated non-ERISA members and had a factual basis for

contract and fraud claims related to these treatments. Dkt. 44, ¶¶ 220, 223-224, 531; Dkt. 46 at pp. 1-2 (detailing the alleged factual basis for Plaintiffs' fraud claims); *id.* at p. 2 (claiming that Plaintiffs' contract and promissory estoppel claims "are based on Defendant's independent promises that they would reimburse Plaintiffs for valid, medically necessary claims"). Plaintiffs had an obligation to perform the required diligence into the factual basis for their non-ERISA claims and allegations ***before*** bringing these claims and causing Defendant and the Court to analyze motions to dismiss on them. Checking Plaintiffs' intake documentation to discern which plans their patients were enrolled in, and finding out whether the plans were ERISA (generally commercial plans) or non-ERISA (*e.g.*, state and local government plans, individual policies) is something Plaintiffs and their counsel could and should have done before asserting non-ERISA claims. Doing this would have involved essentially the same plan-by-plan, manual analysis that they are now asking this Court to make Defendant do for them in discovery, after they have already brought the claims and assured the Court they exist. Yet, it is only Plaintiffs who know which phone calls and communications by Defendant they contend were fraudulent, and so only they can determine which of these transactions (if any) involved non-ERISA members.

If Plaintiffs believe they have any factual basis for fraud claims, they should promptly move for leave to amend and present the basis for any proposed fraud claims now. Defendant otherwise reserves all rights to oppose any further amendment of the pleadings.

**VI. Evidence Preservation**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have begun the meet and confer process pursuant to Fed. R. Civ. P. 26(f). The Parties will continue to discuss whether and to what extent any additional steps may be necessary to ensure the preservation and production of relevant evidence.

The Parties will exchange and negotiate an ESI Protocol and will work to finalize agreed-upon versions which will be presented to the Court for review and approval. The Parties will also file a stipulated Protective Order for this action.

**VII. Disclosures**

The Parties will serve initial disclosures by July 29, 2022. The disclosures will include the topics enumerated in Fed. R. Civ. P. 26(a)(1). The Parties do not believe that any changes need to be made in the form or requirement of the disclosures.

**VIII. Discovery**

The Parties have not yet served formal discovery requests, but they have discussed the areas subject to discovery and will be serving formal requests soon.

*Plaintiffs' Position.*

The Parties having recently met and conferred pursuant to Rule 26, Plaintiffs intend to proceed with discovery. Plaintiffs first intend to take class discovery, which will be followed by discovery on the merits after class certification. Prior to moving for leave to amend its complaint, as discussed above, Plaintiffs intend on requesting that Defendant produce a list of its plans that are not subject to ERISA and are fully-insured by Defendant. These include small or individual plans, "church" plans, local government health plans, and Student Resources plans. Such information is easily accessible to, and is in the care custody and control of, Defendant. Plaintiffs have met and conferred with Defendant to obtain state-law plan information referenced above, but to date, Defendant has unreasonably refused to provide Plaintiffs such information. Plaintiffs may require judicial assistance concerning discovery on this issue.

Discovery in this matter will involve the specific facts and circumstances associated with Defendant's development and application of its medical necessity and level of care guidelines as well as the role of financial considerations and pressures with those guidelines. Additionally, Plaintiffs will request that Defendant produce copies of patient files, verification call recordings, pre-authorization call recordings, utilization review call recordings, and documentation of relevant provider appeals, including the denial of any such appeals. Plaintiffs have no objection to producing all of the claims data in their possession, custody, care, or control. Plaintiffs reserve the right to modify their position as additional materials and information come to light during the discovery process.

*Defendant's Position.*

1   Defendant does not envision formal bifurcated discovery, but expects that early in the case, the Parties will work together to prioritize discovery relevant to Plaintiffs' anticipated motion for class certification. Defendant also anticipates that some discovery—*i.e.*, information that would be needed only if a class is certified—can be deferred until after a ruling on class certification to efficiently use the Parties' (and the Court's) time and resources. Defendant anticipates working through these issues cooperatively with Plaintiffs' counsel, and does not anticipate disputes arising from the above prioritization. Defendant anticipates seeking discovery into the basis for Plaintiffs' claims, as well as their alleged injuries and/or damages.

**IX. Class Actions**

*Plaintiffs' Statement*. Plaintiffs bring this class action on behalf of themselves and all those similarly situated treatment providers who were directly injured by Defendant's scheme to intentionally misrepresent its medical necessity determinations, which were based upon profitability and not generally accepted standards of care in the medical community. These determinations were not made on a case-by-case basis, but instead represented systematic action on the part of Defendant to avoid payment of medically necessary claims. Plaintiffs bring this class action on behalf of the Plaintiff Class, defined as any behavioral healthcare provider, who, between May 21, 2011 and January 31, 2019, were denied on the basis of "medical necessity" such that the determination of "medical necessity" was made through the application of Defendant's fraudulent medical necessity guidelines; and where such class remains unpaid for the treatment rendered to Defendant's members. All providers in the aforementioned Plaintiff Class used guidelines based upon medical necessity, including the guidelines prepared by the American Society of Addiction Medicine ("ASAM"). Defendant's guidelines were unreasonably based upon profit generation and differed significantly from nationally accepted and utilized guidelines, including those used by Plaintiffs and the putative class.

*Defendant's Statement*. Defendant disputes that there is any basis for class certification, or that Plaintiffs will be able to show entitlement to damages or equitable/injunctive relief on a class-wide basis.

The Parties' specific proposals for discovery and briefing on a Motion for Class Certification are set forth in the proposed schedule below. The Parties have reviewed the Northern District of California's Procedural Guidance for Class Action Settlements.

## X. Related Cases

Counsel do not believe that there are any pending related actions, though some overlap with other cases may become apparent as discovery proceeds. The Parties will apprise the Court if any opportunities for coordination with other cases arise.

## XI. Relief

*Plaintiffs' Statement*. Plaintiffs seek an order requiring Defendant to re-review and reprocess claims initially denied for alleged lack of "medical necessity" using reasonable guidelines such as ASAM. Plaintiffs will request the appointment of a Special Master or neutral third-party administrator to oversee claims reprocessing. Plaintiffs further seek an order requiring Defendant to provide transparency for its medical necessity determinations, including providing public access to Defendants guidelines and recommendations. Plaintiffs further seek certification of the Plaintiff Class as set forth above. Plaintiffs pray for general, special, restitutionary, and compensatory damages in an amount according to proof; pre- and post-judgment interest on amounts being wrongfully denied; and injunctive and equitable relief, including disgorgement of Defendant's profits and enjoining Defendant from the conduct alleged in the Second Amended Complaint (dkt. 44). Plaintiffs will seek attorneys' fees and costs, and such other and further relief as the Court may deem appropriate.

*Defendant's Statement*. Defendant disputes that Plaintiffs are entitled to any relief. Defendant reserves all of their respective defenses to particular claims and remedies (assuming Plaintiffs are able to establish liability, which Defendant disputes).

## XII. Settlement and ADR

To date, the Parties have not engaged in any settlement discussions. The Parties anticipate engaging in private mediation at an appropriate point, but believe it is premature to do so at this time.

## XIII. Consent to Magistrate Judge for All Purposes

The Parties respectfully decline to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

### XIV. Other References

At this time, the Parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### XV. Narrowing of Issues

At this time, the Parties agree that it is premature to address any narrowing of issues for trial, but they will continue to confer on this topic as the case progresses.

### XVI. Expedited Trial Procedure

The Parties agree that this action is not the type of case that can be handled under the Expedited Trial Procedure of General Order 64.

### XVII. Scheduling

The Parties agree that it would be most productive and efficient to set a schedule now for class certification discovery and briefing, and to defer setting a schedule for dispositive motions and trial until after a ruling on class certification, because of the significant impact this Court's class certification ruling will have on the future trajectory of this case. If no class is certified, then the case will proceed solely on the claims of the individual Plaintiffs. If a class is certified, then the case would proceed on the claims of hundreds or thousands of providers who treated patients enrolled in different plans, governed by the laws of different states, and who had individualized phone calls and interactions that vary from provider to provider and claim to claim. The Parties also anticipate that this Court's ruling on class certification also will help to define the claims, legal theories, and issues moving forward in the case, and the Parties anticipate that they will benefit from the Court's guidance on these issues. Deferring summary judgment motions until after this Court rules on class certification is also consistent with the Ninth Circuit law, which generally favors ruling on class certification and allowing class members to opt out before ruling on merits issues. *See, e.g.*, *Schwarzschild v. Tse*, 69 F.3d 293, 297 (9th Cir. 1995); *Villa v. San Francisco Forty-Niners, Ltd.*, 104 F. Supp. 3d 1017, 1021 (N.D. Cal. 2015). The Parties therefore jointly propose the following deadlines:

| Event | Proposed Deadline |
|---|---|
| Deadline for Initial Disclosures | July 29, 2022 |

| Event | Proposed Deadline |
|---|---|
|  |  |
| Close of class fact discovery | December 16, 2022 |
| Deadline for Plaintiffs to file Motion for Class Certification and all supporting declarations, evidence and other papers, including expert reports in support of class certification | January 12, 2023 |
| Deadline for Defendant to file Opposition to Motion for Class Certification and all supporting declarations, evidence and other papers, including expert reports in opposition to class certification | February 28, 2023 |
| Deadline for Plaintiffs to file Reply in Support of Motion for Class Certification | March 16, 2023 |
| Hearing on Motion for Class Certification | April 7, 2023 at 9:00 am or such other time as may be convenient for the Court. |
| Further Status Conference to set a schedule for summary judgment motions, any final discovery, pre-trial proceedings, and trial, among other things | As soon as is convenient for the Court following its ruling on class certification. |

## XVIII.  Trial

*Plaintiffs' Statement*. Plaintiffs request a jury trial for all matters so triable.

*Defendant's Statement*.   Defendant requests a jury trial for all matters so triable.

## XIX.  Disclosure of Non-Party Interested Entities or Persons

Defendant submitted its disclosures of non-party interested entities or persons on May 11, 2020. *See* Dkt. 32.

## XX.  Professional Conduct

All attorneys of record have reviewed the Guidelines of Professional Conduct for the Northern District of California.

## XXI.  Such Other Matters As May Facilitate the Just, Speedy, and Inexpensive Disposition of This Matter

The Parties' anticipated Stipulated Protective Order and ESI Protocol also may include other agreements of the Parties.

Dated: May 13, 2022                         GIBSON, DUNN & CRUTCHER LLP


                                            By:  /s/  *Geoffrey Sigler*
                                                       Geoffrey Sigler

                                            Attorneys for Defendant UNITED BEHAVIORAL HEALTH

Dated: May 13, 2022                         ARNALL GOLDEN GREGORY LLP


                                            By:  /s/  *Matthew M. Lavin*
                                                       Matthew M. Lavin


Dated: May 13, 2022                         DL LAW GROUP


                                            By:  /s/  *David Lilienstein*
                                                       David Lilienstein


                                            Attorneys for PLAINTIFFS

**ATTESTATION PURSUANT TO LOCAL RULE 5-1**

I, Geoffrey Sigler, am the ECF user whose identification and password are being used to file this document.  Pursuant to Civil Local Rule 5-1(h)(3), I hereby attest that concurrence in the filing of this document has been obtained from the other signatories hereto.

Dated: May 13, 2022

/s/ *Geoffrey Sigler*

Geoffrey Sigler