1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    DESERT COVE RECOVERY, LLC, et al.,         Case No.  19-cv-05721-JSW

8                      Plaintiffs,

9          v.                                   **ORDER DENYING MOTION FOR
                                                ADMINISTRATIVE RELIEF TO
10   UNITED BEHAVIORAL HEALTH,                   EXTEND TIME TO FILE MOTION**

11                     Defendant.                Re: Dkt. No. 71

12

13         This matter comes before the Court on consideration of Plaintiffs' administrative motion

14   for an extension of time to file a third amended complaint.  Defendant opposes the motion on

15   procedural and substantive grounds.  For the reasons that follow, the Court DENIES Plaintiffs'

16   motion.

17         On April 13, 2022, the Court granted, in part, and denied, in part Defendant's motion to

18   dismiss Plaintiffs' Second Amended Complaint.  (Dkt. No. 60, "4/13/22 Order").  The Court

19   dismissed Plaintiffs' fraud based claims and stated that if they intended to pursue those claims,

20   they would need to move for leave to amend and file a proposed amended complaint with their

21   motion.  (4/13/22 Order at 12:23-13:1.)

22         On May 13, 2022, the parties filed a joint case management conference statement.  (Dkt.

23   No. 67.)  On May 16, 2022, the Court issued an Order, in which it vacated the case management

24   conference and set August 19, 2022 as the deadline for filing motions to amend pleadings.  (Dkt.

25   No. 68.)

26         On August 12, 2022, the Court granted the parties' stipulation to extend that deadline to

27   September 19, 2022.  (Dkt. No. 74.)  On September 19, 2022, the day motions were due, the

28   parties submitted another stipulation to extend that to October 19, 2022.  The Court granted the

United States District Court
Northern District of California

1    stipulation but ordered that "if the parties seek extensions of any deadlines in this case, they

2    should seek relief at least a week before the deadline expires." (Dkt. No. 76.)

3         Once again, on the day their motion was due, Plaintiffs asked for an extension of the

4    deadline. Defendant opposes the motion on the basis that it is untimely. Plaintiffs do not mention

5    the Court's direction to seek extensions at least a week before any deadline expires. The Court

6    issued that Order so that parties could not engage in "self-help" by seeking an extension on the

7    date a deadline expires and thereby obtain a *de facto* extension while the request is under

8    consideration. Plaintiffs may have construed the term "should" to be permissive, but it was

9    mandatory. Accordingly, the Court DENIES Plaintiffs' motion for an extension on the basis that

10   it was not timely and makes clear that any and all future requests for extension shall be filed one

11   week before a deadline expires.

12        Even if Plaintiffs' motion was timely, the Court would still deny the request for lack of

13   diligence. Plaintiffs argue they need this additional time because Defendant has not provided

14   responsive discovery. The materials submitted by Defendant demonstrate that Plaintiffs did not

15   act with diligence to finalize and submit the protective order, which Defendant asserted would be

16   necessary to put in place before it would produce the documents in question.

17        Accordingly, the Court DENIES Plaintiffs' motion for an additional extension of time to

18   file a motion for leave to amend.

19        **IT IS SO ORDERED**.

20   Dated: October 25, 2022

21

22   JEFFREY S. WHITE
     United States District Judge

23

24

25

26

27

28

2

*United States District Court*
*Northern District of California*